U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 11 2014

TONY R. MO~~ ~ERK
BY ~ ~PUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

JAMES DOUGLAS SHURLING

versus
<div style="float:right">

CIVIL ACTION NO. 13-0675
JUDGE TOM STAGG
</div>

FORT DEARBORN LIFE INSURANCE
COMPANY and ALBANY INTERNATIONAL
CORPORATION LONG TERM
DISABILITY INSURANCE TRUST

---

## O R D E R

Before the court is a motion to supplement the administrative record filed by the plaintiff, James Douglas Shurling ("Shurling"). See Record Document 26. Shurling is requesting to supplement the administrative record with various items that relate to his initial determination of disability, the initial award of benefits and his subsequent application for social security benefits. The defendants have opposed the motion and Shurling filed a reply. See Record Documents 29 and 30.

The Fifth Circuit has clearly provided that "[t]he administrative record consists of relevant information **made available** to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." Estate of Bratton v. Nat. Union Fire Ins. Co. of Pittsburgh, PA, 215 F.3d

516, 521 (5th Cir. 2000) (emphasis added). However, neither party squarely addressed whether the items that are sought to be added to the administrative record were "made available" to Dearborn at the time it made its decision to deny benefits. Shurling asserted in his brief that the "materials . . . were in existence and available to Dearborn." Record Document 26 at ¶10. Dearborn does not directly refute this statement and does not clearly state that the items sought to be added to the administrative record were not "made available" to it. When considering a claim for benefits, the plan administrator has the "obligation to identify the evidence in the administrative record and the claimant must be afforded a reasonable opportunity to contest whether the record is complete." Estate of Bratton, 215 F.3d at 521. Therefore, Dearborn is hereby **ORDERED** to file a supplemental brief addressing whether the documents in question were "made available" to it prior to the filing of Shurling's lawsuit on or before **Monday, June 23, 2014**. This supplemental brief should not exceed five pages in length. Shurling may file a response to Dearborn's filing, specifically addressing the "made available" issue, on or before **Wednesday, July 9, 2014**.

    **THUS DONE AND SIGNED** at Shreveport, Louisiana this the _11th_ day of June, 2014.

_____
JUDGE TOM STAGG